Erick Kraemer, Esq.
Colligan Law LLP
12 Fountain Plaza, Suite 600
Buffalo, NY 14202
Telephone: (716) 885-1150
Email: ekraemer@colliganlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN HARRINGTON,

            Plaintiff,

v.

ATHENEX, INC.,

            Defendant.

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

23-cv-401

---

Plaintiff JOHN HARRINGTON ("Harrington"), for his Complaint against defendant ATHENEX, INC. ("Athenex"), alleges:

## NATURE OF THE ACTION

1. This Verified Complaint seeks damages on behalf of Harrington, a former employee of Athenex, resulting from Athenex's discriminatory treatment of Harrington due to his disability and age.

## THE PARTIES

2. Harrington was at all relevant times and is a resident of the State of New York and County of Erie.

3. Athenex is a Delaware corporation.

4. Upon information and belief, Athenex maintains a principal place of business at

1

1001 Main Street, Suite 600, Buffalo, New York 14203.

5. Athenex is a pharmaceutical company located in Buffalo, New York.

6. That at all times relevant hereto, Harrington was an employee of Athenex at its Buffalo, New York location.

7. On or about February 8, 2023, the EEOC sent to Plaintiff a notice of right to sue letter. This action timely follows. A copy is attached to this complaint.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, 29 U.S.C. §§ 621 – 634, 42 U.S.C. §§12112 – 12117 and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. §1367.

9. Diversity of citizenship exists in this matter as Defendant is a Delaware limited liability company, Plaintiff is a New York individual and the amount in controversy exceeds seventy-five ($75,000), exclusive of interests and costs.

10. \Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) in that a substantial part of the events giving rise to the claim occurred in this district and in that Plaintiff resides in and Defendant does business in this district.

11. This court has personal jurisdiction over Defendant in this action by virtue of its acts and omissions which have taken place in the State of New York. Defendant maintains a place of business located in New York.

## ALLEGATIONS

### I. Background

12. On or about November 17, 2017 Harrington was hired by Athenex as a "Quality Engineer."

13. In his role as Quality Engineer, Harrington's role was to support manufacturing operations for Athenex.

14. Harrington's daily job responsibilities typically included desk work, walking around and observing the manufacturing room floor, and working upon investigations in the lab when needed.

15. Harrington worked for Athenex for over three years, until he was terminated in June 2021 with an "effective date" of May 20, 2021.

16. Throughout his tenure with Athenex, Harrington received positive performance reviews and believes that, by all accounts, he was a good employee for Athenex.

## II. Harrington's Disability & Age

17. Harrington is presently 53 years old and was approximately fifty years old at the time of his hire.

18. Harrington has a history of heart complications that he believes to be genetic.

19. In or about January 25, 2021, Harrington had a stent inserted to attempt to address the issues with his heart.

20. Athenex Human Resources (HR) was made aware of the stent placement and that Harrington needed to have the procedure.

21. On or about February 1-2, 2021, Harrington had to go to the emergency room due to complications with his heart.

22. February 2, 2021 was Harrington's first day on leave from Athenex.

23. In March 2021, Harrington was required to have open-heart surgery.

## Timeline of Events

24. Harrington remained on medical leave until June 2021 when he was informed that

he was terminated by Athenex.

25. Between February 2021 and June 2021, Harrington received minimal communications from Athenex.

26. On April 22, 2021, Harrington alerted Athenex that Harrington had an appointment with his cardiologist on May 19, 2021, to assess his readiness to return to work at Athenex.

27. On May 11, 2021, Harrington received correspondence from Luke Bollinger at "Wise Consulting", an apparent agent of Athenex, stating as follows:

> "Good afternoon John –
> As a follow-up to our prior communications and your upcoming appointment, I wanted to check-in with you on a few items.  At this point, your FMLA hours have been exhausted and we will need to discuss your transition to COBRA benefits, if you are unable to return to work following your next appointment.  Also, please keep in mind, prior to returning to work, we will need a copy of the doctor's release allowing for your return.  This note must include any necessary accommodations, if required upon your return to work and it does need to be received prior to your actual return date.
> We look forward to your return and are available for any questions you may have.
> Thanks so much –
> Luke"

28. On May 19, 2021, the day of his cardiologist appointment, Harrington provided Luke Bollinger with an update, stating, inter alia, that: (1) his cardiologist had extended his return to work date until September 2021; and (2) that his cardiologist had ordered that Harrington complete a cardiac rehabilitation program prior to Harrington's return to work.

29. Luke Bollinger forwarded Harrington's May 19, 2021 correspondence to Carrie Volpe, Manager of HR at Athenex, within half hour of receiving it from Harrington.

30. On May 20, 2021, Ms. Volpe emailed Harrington directly, as follows:

> "Hi John,
> Thanks for the update.
>
> We will need an updated statement from your physician on your status.  I've attached

your job description to share with him so he can make an accurate prognosis on your return to work - with or without accommodations.

We can then follow up on next steps with COBRA, etc.  Per our policy, once your leave of absence exceeds 12 weeks, we will transition your benefits to COBRA.

Can you forward me this documentation by next Friday, May 28, 2021?

Carrie"

31. On May 24, 2021, Harrington's spouse contacted Ms. Volpe as follows:

"Hi Carrie,
   John's saw his cardiologist on May 19th and they faxed in all the paperwork we had directly to Guardian.  Will they forward what you need? His doctor wants him to complete a Cardiac rehab program before returning to work in any capacity.  We're still looking for clarification on transitioning his benefits to COBRA.  When that happens, does it mean that you have terminated his employment with Athenex or that you just don't want to incur the expense for his benefits?
Julie"

32. On May 24, 2021, Ms. Volpe responded as follows:

"Hi Julie,
No, they won't send me the doctor's note.  Can you call them and have them send it to me?  They can email me or fax it to 716-427-2869.

Once I get that letter, I can advise on the COBRA information.

Carrie"

33. On May 24, 2021, Harrington's spouse attempted to send the paperwork from the cardiologist to Volpe who asserted that the document was personal health information (PHI) that Volpe shouldn't have access to.

34. The Cardiologist's office then sent Ms. Volpe the paperwork on May 25, 2021, which Ms. Volpe against asserted was PHI.

35. On May 25, 2021, Ms. Volpe informed Harrington's spouse that she needed a note with his return to work status.

5

36. On May 25, 2021, Harrington emailed a copy of paperwork from his physician indicating that his return to work date was September 5, 2021.

37. On May 28, 2021, Volpe emailed Harrington that she had not received a letter from the cardiologist's office.

38. On May 28, 2021, Harrington's spouse explained by email as follows:

"Carrie,
   I just got off the phone with Freddie at the Doctor's office. The doctor came in on Wednesday but didn't get to signing the note. He is not in again until Wednesday of next week at which point they will make sure to have him sign it and will immediately fax to you.
Thanks,
Julie"

39. On June 3, 2021, Ms. Volpe confirmed that she had received the note from the cardiologist and that she wished to speak with Harrington by phone on Monday, June 7, 2021 at 11:30 a.m.

40. On June 7, 2021, Ms. Volpe called Harrington and informed him that he was terminated.

41. On June 7, 2021, Ms. Volpe informed Harrington that he was being terminated because "they have no one to do the work".

42. On June 7, 2021, Ms. Volpe further informed Harrington that Athenex intended to backdate his date of termination to May 20, 2021 so that the "COBRA premium will be picked up by the government" or words to that effect.

43. During the June 7, 2021 telephone call, Athenex did not offer to reinstate Harrington to his position when he was able to return. Harrington was advised that he would have to re-apply as a new hire

44. Upon information and belief, an individual in his 20s was hired to replace

6

Harrington.

45. A copy of the June 7, 2021 termination letter is attached as <u>Exhibit A</u>. It gives the reasoning for Harrington's termination as: "Unfortunately, we are unable to continue to accommodate your absence."

46. At no time did Athenex attempt to accommodate Harrington or engage him in the interactive process, except for a single contact during his leave time asking summarily if Harrington could come back to work immediately "part-time".

47. There was no attempt whatsoever by Athenex to engage in any interactive process.

## COUNT I
### (ADA - Disability Discrimination)

48. Harrington repeats and realleges the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

49. The conduct of Athenex as set forth above is violative of Americans with Disabilities Act of 1990 (ADA) and constitutes disability discrimination against Harrington.

50. Athenex engaged in unlawful employment practices prohibited by statute, as set forth here.

## COUNT II
### (NYS - Disability Discrimination)

51. Harrington repeats and realleges the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

52. The conduct of Athenex as set forth above is violative of the New York State Human Rights Law and constitutes disability discrimination against Harrington.

53. Athenex engaged in unlawful employment practices prohibited by statute, as set

forth here.

## COUNT III
### (ADEA - Age Discrimination)

54. Harrington repeats and realleges the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

55. The conduct of Athenex as set forth above is violative of the Age Discrimination in Employment Act of 1967 and constitutes age discrimination against Harrington.

56. Athenex engaged in unlawful employment practices prohibited by statute, as set forth here.

## COUNT IV
### (NYS - Age Discrimination)

57. Harrington repeats and realleges the foregoing paragraphs of this Verified Complaint as if fully set forth herein.

58. The conduct of Athenex as set forth above is violative of the New York State Human Rights Law and constitutes age discrimination against Harrington.

59. Athenex engaged in unlawful employment practices prohibited by statute, as set forth here.

WHEREFORE, plaintiff respectfully requests the following relief:

1.	damages to Harrington caused by the unlawful actions as set forth above;

2.	an award of interest, costs and attorneys' fees incurred by Harrington in connection with the prosecution of this action; and

3.	such other and further relief as the Court may deem just and proper.

DATED:	Buffalo, New York
	May 1, 2023

		COLLIGAN LAW LLP


		By:	/s/ Erick Kraemer
			Erick Kraemer, Esq.
			*Attorneys for Plaintiff Harrington*
			12 Fountain Plaza, Suite 600
			Buffalo, New York 14202
			716.885.1150

## VERIFICATION

STATE OF NEW YORK   )
COUNTY OF ERIE      )   SS.:

JOHN HARRINGTON, being duly sworn, deposes and says that he has read the foregoing Complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters he believes it to be true.

_____
John Harrington

Sworn to before me this
2nd day of May, 2023.

_____

**MARY MCCORMICK**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 01MC5013438
Qualified in Erie County
My Commission Expires July 15, 2023

9